Green, J.
delivered the opinion of the court.
In this case the defendant was indicted for retailing spirituous liquors contrary to law. It appears from the record that there were but twelve men elected and qualified as grand jurors at *50 the circuit court of Gibson county, at the term when this indictment was found. For this reason, it is insisted that the indictment ought to be quashed. The only question is, whether twelve men are a sufficient number to constitute a valid grand jury. It is not denied but that in England a grand jury might consist of only twelve men — all the books on criminal law concur on this point. Cro. Eliz. 654: 2 Hale 151: Hawk B. 2 ch. 25 sec. 16: Bac. Abr. Indictment C. Juries A. 4 Black Com. 302:1 Chitty’s Cr.Law 306. Chittysays (1 Cr.Law 306,) “The grand jury must consist of twelve at least, and may contain any greater number not exceeding twenty-three, in order that twelve may form a majority of the jurors. There must be twelve at least, because the concurrence of that number is absolutely necessary in order to put a defendant on his trial, and there must not be more than twenty-three, because otherwise, there might be an equal division, and too full juries might differ in opinion.” Blackstone says, (B. 4 p. 302) “as many as appear upon the panel are sworn upon the grand jury, to the amount of twelve at least, and not more than twenty-three, that twelve may be a majority.” At page 106, he says — “To find a bill, there must atleast twelve of the jury agree.” Judge Story in his commentaries on the Constitution of the United States says (vol. 3, p. 657.) “The grand jury may-consist of any number not less than twelve nor more than twenty-three, and twelve at least must concur in every accusation.” It is very clear that before the passage of any act upon this subject, twelve men would constitute a valid grand jury; and that it might consist of a greater number, so that it did not exceed twenty-three. The act of 1779, ch. 6, sec. 12, in providing the manner in which the grand jury shall be organized and empanneled, enacts, that the first eighteen drawn shall be a grand jury. Its object was to limit the number to. be sworn, but it did not at all alter the law that constituted a jury of twelve men. After its passage, as before, the agreement of twelve would be sufficient to find an indictment. So the act of 1811, ch. 72, sec. 19, (N. and C. 422,) provides that “no more than thirteen shall he drawn,'” plainly implying that the object was only-to restrict the number to be sworn, and not to alter the well established *51 common law notion of the number of twelve as constituting ajury. The use of the words, “no more,” show this to be the sense; and the practice has been uniform, that if one of the thirteen be sick or unable to attend, the remaining twelve can legally transact the business of the grand jury. We think, therefore, that the act of 1779, and the act of 1811, are only directory as to the number, beyond which jurors shall not be sworn upon the grand jury — and that the number twelve, as heretofore, will constitute a valid grand jury. Affirm the judgment.